## Rice's Estate.

*Taxation—Collateral inheritance tax—Interest on tax—Acts of April 10, 1849, P. L. 570, May 4, 1855, P. L. 425, and May 6, 1887, P. L. 79.*

Under the Acts of April 10, 1849, P. L. 570, May 4, 1855, P. L. 425, and May 6, 1887, P. L. 79, where an executor or administrator has filed his account promptly and paid the collateral inheritance tax as soon as he properly could, the commonwealth is only entitled to interest on the amount of the tax from the end of the year following the decedent's death at the rate of six per cent, if the taxable estate has earned that amount, or, if it has not earned that amount, to interest at the rate earned.

Argued Dec. 9, 1913. Appeal, No. 245, Oct. T., 1913, by Commonwealth, from decree of O. C., Phila. Co., July T., 1913, No. 287, dismissing exceptions to adjudication in Estate of Moses Rice, deceased. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that DALLETT, P. J., filed the following adjudication:

The collateral inheritance tax due in this estate not having been paid (except upon the property No. 1220 Race street specifically devised to testator's sisters) Mr. Patton on behalf of the commonwealth claimed collateral inheritance tax at the rate of five per cent, together with interest at the rate of twelve per cent from the date of testator's death.

The Act of April 10, 1849, sec. 14, P. L. 572, relating to the payment of collateral inheritance tax, provides as follows:

"If the said tax shall not be paid within one year from the death of said decedent, interest shall then be charged at the rate of twelve per cent per annum on such tax, computing from the time of said decedent's death," the Act of May 4, 1855, P. L. 425, sec. 1 as follows:

"That the penalty of twelve and a half per cent per annum for the non-payment of the collateral inheritance tax, shall not be carried back to a period antecedent to the time when there should by law have been a settlement of the estate, or such part thereof as such tax is chargeable upon; but where from claims made upon the estate, litigation, or other unavoidable cause of delay, the estate of any decedent or a part thereof cannot be settled up at the end of a year from his or her decease, six per cent per annum shall be charged upon the collateral inheritance tax, from the end of such year until there be default as aforesaid, and paid with the tax; Provided, That where the estate real or personal withheld in manner aforesaid from the parties entitled thereto, subject to such tax, has not been, or shall not be productive to the extent of six per centum per annum, they shall not be compelled to pay a greater amount as interest to the commonwealth than they may have realized, or shall realize from such estate during the time the same has been or shall be withheld as aforesaid," and the Act of May 6, 1887, P. L. 79, sec. 4, as follows:

"If the collateral inheritance tax shall be paid within three months after the death of the decedent, a discount of five per centum shall be made and allowed; and if the said tax is not paid at the end of one year from the death of the decedent, interest shall then be charged at the rate of twelve per centum per annum on such tax; but where from claims made upon the estate, liti-

gation or other unavoidable cause of delay, the estate of any decedent or part thereof cannot be settled up at the end of the year from his or her decease, six per centum per annum shall be charged upon the collateral inheritance tax, arising from the unsettled part thereof, from the end of such year until there be default: Provided further, That where real or personal estate withheld by reason of litigation or other cause of delay in manner aforesaid from the parties entitled thereto, subject to said tax, has not been or shall not be productive to the extent of six per centum per annum, they shall not be compelled to pay a greater amount as interest to the commonwealth than they may have realized or shall realize from such estate during the time the same has been or shall be withheld as aforesaid."

That the act of May 6, 1887, did not repeal the act of May 4, 1855, but merely repeated the provisions thereof with regard to the substitution in certain cases of an annual charge of six per cent (or less) for the twelve per cent penalty provided for by the Act of April 10, 1849, P. L. 570, was decided by Mr. Justice GREEN in Fagely's Est., 128 Pa. 603.

It would appear therefore that the commonwealth is entitled to interest at the rate of twelve per cent upon collateral inheritance tax from "the end of one year from the death of the decedent" except in cases "where from claims made upon the estate, litigation or other unavoidable cause of delay, the estate of any decedent or part thereof cannot be settled up at the end of the year from his or her decease."

The account of an executor or administrator cannot under the Acts of March 15, 1832, P. L. 135, and February 24, 1834, P. L. 70, as interpreted by Gallen's Est., 26 W. N. G. 308; Rastaetter's Est., 15 Pa. Superior Ct. 549, and Clemens's Est., 21 Pa. Dist. Rep. 175, properly be filed until one year after the grant of letters testamentary or of administration and where the account is filed within a year distribution if made must be made

upon the responsibility of the accountant—it cannot be decreed by the court.

It follows therefore that every estate subject to the payment of collateral inheritance tax would also be liable for interest at the rate of twelve per cent on the tax and this proposition is so unreasonable that an interpretation by which such a result would be avoided should, if possible, be adopted. The act of May 6, 1887, provides the way. The decisions hereinbefore quoted and interpreting the acts of assembly therein cited make the filing of an account within a year improper and constitute in the opinion of the auditing judge the "other unavoidable cause of delay" in the payment of collateral inheritance tax at exactly the end of a year. Until an account has been audited it is impossible to determine what balance, if any, there will be. A creditor may present his claim within one day of the end of the year and demand the same recognition as though he had presented it one day after the death of a decedent. A widow or husband may elect to take under or against a will—a child may be born. All these are reasons and good reasons why the tax cannot in many cases be paid within the year. In the opinion of the auditing judge, therefore, the commonwealth is only entitled—in cases where the account is filed promptly and the tax paid as soon as properly may be—to interest from the end of the year following the decedent's death—at the rate of six per cent if the taxable estate has earned that amount, or, if it has not earned that amount, to interest at the rate earned.

The testator in this estate died on April 23, 1912. Letters testamentary were issued on May 2, 1912. The account might properly have been filed on May 2, 1913, and it was not filed until August 4, 1913. It happens, however, that the last day for filing accounts in the orphans' court in order that they might appear upon the June list was May 1, 1913. The account therefore if filed on May 2 could not have been audited until

the September list when it was audited. The account-
ants in this estate have therefore acted with all prompt-
ness possible, and the commonwealth in the opinion of
the auditing judge is only entitled to interest from.one
year after the date of the testator's death at the rate
realized—represented by counsel to be between four and
one-fourth and four and one-half per cent.

This opinion disposes of the claim presented on behalf
of the commonwealth for interest at the rate of twelve
per cent from the date of testator's death.  Such a
"penalty" is under the provisions of the Act of May 4,
1855, P. L. 425, not to be "carried back to a period ante-
cedent to the time when there should by law have been
a settlement of the estate"—a period in no event ante-
cedent to a date one year subsequent to the date of a
decedent's death.

On exceptions LAMORELLE, J., filed the following
opinion:

Both the executors and the commonwealth except,
and a determination of the questions raised depends
upon the proper construction to be given to certain
sections of the Acts of April 10, 1849, P. L. 570, of
May 4, 1855, P. L. 425, and of May 6, 1887, P. L.
79.

While sec. 14 of the act of 1849 provides that if the
collateral inheritance tax shall not be paid within one
year from the death of the decedent, interest shall then
be charged at the rate of twelve per cent per annum on
such tax, to be computed from the time of the death,
this provision is nullified by sec. 1 of the act of 1855,
whereby it is enacted that the twelve per cent penalty
"shall not be carried back to a period antecedent to
the time when there should by law have been a settle-
ment of the estate." That the time contemplated for
such settlement is at the expiration of one year is ap-
parent, in that, where from any "unavoidable cause of
delay," the estate cannot be settled "at the end of a

year," six per cent per annum shall be charged on such tax "from the end of such time."

The act of May 6, 1887, which is, in a sense, a codification or re-enactment of the substance of previous. acts (Fagley's Est., 128 Pa. 603), provides (sec. 4) that if the tax is not paid at the end of one year from the death of the decedent, interest is to be charged at the rate of twelve per cent on such tax. It does not in terms, as did the act of 1849, provide that interest shall begin as of the time of death. In fact, by necessary implication, interest is not to be computed from the time of death because, by the same section of the act, this twelve per cent is reduced to six per cent from the end of the year, where the estate cannot be settled at the end of such year. This limits the period at which interest at any rate per centum shall commence to the expiration of the year. And the rate of interest is still further reduced to the amount actually earned, when the same is less than six per cent.

All previous laws inconsistent with that of 1887 are expressly repealed by sec. 24. Even if, therefore, the provisions of the act of 1849 as to a penalty of twelve per cent, beginning as of the date of decedent's death, are not in terms repealed by the later act of 1855, they are inconsistent with those of 1887, and come within the repealing clause of that act.

"The law takes every decedent's estate into custody, and administers it for the benefit of creditors, legatees, devisees and heirs, and delivers the residue that remains, after discharging all obligations, to the distributees entitled to receive it. . . . And it is not until this work of administration is performed that the right of succession attaches," says Mr. Chief Justice Woodward, in Strode v. Com., 52 Pa. 181, 189. Some fifteen months must elapse before this work of administration can be consummated, if regard be given to the acts of assembly and the practice and procedure arising out of their proper interpretation, and, though interest may be charge-

276 RICE'S ESTATE.

Opinion of Court below—Opinion of the Court. [56 Pa. Superior Ct.

able prior to the expiration of that time, the commonwealth, in strict compliance with the terms of the act of 1887, should not in any case receive more than six per centum from the end of the year; in the present case, but four and one-half per centum, the rate earned by the estate.

In view of the exhaustive opinion of the auditing judge, in which we concur, further discussion is unnecessary.

All exceptions are dismissed.

*Errors assigned* were in dismissing exceptions to adjudication.

*J. Lee Patton*, with him *William M. Boenning*, for appellant.—The collateral inheritance tax, where there are no intervening life estates, accrues immediately upon the death of the decedent: Mellon's App., 114 Pa. 564; Com. v. Smith, 20 Pa. 100; Com. v. Eckert, 53 Pa. 102.

The act of 1887 was merely a codification of the early acts and did not repeal the same except in such cases as the former acts or parts thereof were inconsistent with the provisions of the act of 1887: Com.'s App., 128 Pa. 603; Com.'s App., 127 Pa. 435; Cullen's Est., 142 Pa. 18; DelBusto's Est., 6 Pa. C. C. Rep. 289.

*James F. Hagen*, for appellee, cited: Cope's Est., 191 Pa. 1; Com. v. Smith, 20 Pa. 100; Cullen's Est., 142 Pa. 18.

OPINION BY ORLADY, J., February 20, 1914:

The construction of the Acts of April 10, 1849, P. L. 570, May 4, 1855, P. L. 425, and of May 6, 1887, P. L. 79, in relation to the time, from which interest is to be computed for the commonwealth, on the amount of collateral inheritance tax admitted or found to be due, as urged by the appellant is so fully and clearly answered, in refutation of the contention of the appellant, by the

opinions filed by the judges of the orphans' court in adjudicating the estate and in disposing of the exceptions filed thereto, that it is not necessary to add anything further. The case is presented here as it was in the court below and the decree there entered is affirmed.