## McCrory Estate

702

*Daniel L. Quinlan, Jr.*, for Commonwealth.
*William F. Fox*, for accountant.

TAXIS, J., November 23, 1955.—The first and final account of William F. Fox, administrator d. b. n. c. t. a., was examined and audited by the court on September 23, 1955.

The account shows a balance for distribution of $1,668.84.

The transfer inheritance tax has been paid.

Ellen McCrory died on April 10, 1926, a resident of Norristown, and, on April 12, 1926, her last will and testament was probated and letters testamentary granted to Henry I. Fox, Esq., the executor named in the will. In due course the first and final account of the executor was examined and audited by the court on December 6, 1926, and the balance accounted for was awarded by an adjudication of the orphans' court dated December 7, 1926.

At the time of her death, Ellen McCrory was entitled to certain moneys on deposit in a savings account (no. 8429) in the Penn Trust Company, now by merger Montgomery Norristown Bank and Trust Company, which savings account was not included among her estate assets. The savings account was in the name of Ellen McCrory, administratrix, and represented money due her from the estate of her hus-

band. The amount at the date of her death was $1,210.12, and the amount has earned interest to June 30, 1955, in varying amounts from three percent in 1935 to one and a half percent in 1955. The average rate of interest earned during the above years is approximately two percent.

Henry I. Fox, Esq., the executor, died on July 17, 1948, and the savings account referred to did not come to the attention of counsel until February 1955. Subsequently, William F. Fox, Esq. was appointed administrator d. b. n. c. t. a. and filed his account, which came on for audit on September 12, 1955, and a continued audit held on September 23, 1955.

At the audit, the Commonwealth claims penalties in the amount of 12 percent from April 10, 1927 until May 27, 1943, and at the rate of six percent from the latter date to July 8, 1955. The accountant opposes the claim and contends that the penalties due and owing to the Commonwealth should only be at the rate earned by the fund, viz., approximately two percent, citing Rice's Est., 56 Pa. Superior Ct. 270.

Section 38 of the Inheritance Tax Act of June 20 1919, P. L. 521, as amended, 72 PS §2442, is as follows:

"If the tax is paid within three months after the death of the decedent, a discount of five per centum shall be allowed. If the tax is not paid at the end of one year from the death of the decedent, interest shall be charged at the rate of six per centum per annum on such tax. *Where any real or personal estate subject to such tax is withheld by reason of litigation or other unavoidable cause of delay*, from the parties entitled thereto, and such real or personal estate has not been productive to the extent of six per centum per annum, the proper parties shall not pay a greater amount as interest to the Commonwealth than they have realized or shall realize from the trust estate during the time

the same has been or shall be withheld as aforesaid." (Italics supplied.)

What is meant by the phrase, "withheld by reason of litigation or other unavoidable cause of delay"? It is conceded that the property was not "withheld by reason of litigation," but simply that the fund never came to the attention of the executor of Ellen McCrory's estate, and did not come to the attention of present counsel until February 1955. This is not a case of known assets being held back from delivery or distribution or "withheld" as the statute states "by reason of litigation or other unavoidable cause of delay", but simply the case of discovery of decedent's assets not known to have existed. In the latter instance they cannot be deemed "withheld" or held back within the meaning of section 38, supra. No explanation is given why within these 28 years this asset was not uncovered by the executor or the present accountant.

The happening of an event is considered unavoidable when common prudence and foresight cannot prevent its occurrence. I am not persuaded that the mere fact that these assets did not come to the attention of the fiduciaries is "unavoidable" within the meaning of the phrase as used in section 38 of the Transfer Inheritance Tax Act. Rice's Estate, supra, is distinguishable since that case did not involve assets which were discovered 28 years after final adjudication as in instant case. The claim of the Commonwealth is, therefore, allowed.

Out of the balance for distribution as shown by the account there is awarded to the Commonwealth interest and penalties amounting to $243.82, and the balance then remaining is awarded to St. Joseph's Protectory, sole legatee.

And now, November 23, 1955, this adjudication is confirmed nisi.